Kaye, J.
(dissenting). Advertising by attorneys may be regulated only where the advertising in question is inherently deceptive, or where there is a finding that a particular method of advertising has in fact been deceptive or subject to abuse. (Matter of R. M. J., 455 US 191, 202-203.) Here, there is no contention that respondents’ advertising is inherently deceptive or misleading. The clear direction oíR. M. J. is that, in such situations, prohibition of advertising can be sustained only when the record establishes that the method of advertising is in fact misleading or subject to abuse (455 US, at p 207).
There is no finding that respondents’ method of advertising is in fact misleading or subject to abuse. On this point, the majority states only that the predicate for the prohibition of respondents’ advertising was spelled out in Matter of Greene (54 NY2d 118). But there is no finding in Greene that this method of advertising is in fact misleading or subject to abuse. The decision in Greene to prohibit such advertising was based on the possibility that the lawyer’s view of marketability of title may be colored, the improbability that the attorney will negotiate the lowest possible broker’s commission, and the probability that the lawyer will not examine the broker’s puffery with the independence he otherwise would (54 NY2d, at p 129). It is clear from R.M.J. that prohibition of attorney advertising cannot be founded on such hypothesis.
Since the ban imposed on respondents’ advertising lacks any factual predicate, there is no need to reach the questions of whether it should be characterized as one of form or *243 content, or whether some less restrictive alternative would address the imagined potential for conflict.
Judges Jasen, Jones, Wachtler and Simons concur with Judge Meyer; Chief Judge Cooke and Judge Kaye dissent and vote to reverse in separate dissenting opinions.
Following remand by the United States Supreme Court and reinstatement of the appeal herein by this court, order affirmed, with costs.
APPENDIX A
Dear Realtor:
We recognize that the costs attendant to the sale or purchase of a home are a real concern to your clients that may indeed influence whether a transaction will even take place. The Legal Clinics of Cawley and Schmidt will handle all aspects (buy or sell) of residential real estate transfers at the following affordable attorney’s fees:
1. Where purchase price is $30,000.00 or more $ 295.00
2. Where purchase price is $20,000.00 or more, but under $ 30,000.00 215.00
3. Where purchase price is under $20,000.00 175.00
These fees are of course exclusive of Seller’s disbursements, such as the cost of the search continuation, survey redate, N. Y. S. Transfer Tax Stamps, Recording/filing fees and Broker’s Commissions, and, Purchaser’s expenses, such as Recording/filing fees, Mortgage Tax and Bank attorney’s fees.
Contact us for more information during our convenient office hours;
Monday/Wednesday/Friday 9 AM — 5 PM
Tuesday/Thursday 9 AM — 9 PM
Saturday 9 AM — Noon
Very truly yours,